# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>               Plaintiff,<br><br>v.<br><br>Therese A. Perrow, et al.,<br><br>               Defendants. | No. CV-13-00769-TUC-DCB (BPV)<br><br>**REPORT AND RECOMMENDATION** |

      Pending before the Court is Plaintiff United States of America's motion for summary judgment or in the alternative for default judgment (Doc. 33). The United States' motion for summary judgment is supported by the accompanying memorandum ("MSJ") and statement of facts ("PSOF"), the declarations of Internal Revenue Service ("IRS") Revenue Officer/Advisor Sandra Davaz ("Davaz Decl.") and Colin C. Sampson ("Sampson Decl.") and Exhibits 1 through 20[1] attached thereto. Defendants, Therese A. Perrow ("Perrow"), Arizona Department of Revenue ("AZDOR"), Trust Company of America ("TCA"), and Branch Banking and Trust Company ("BBTC"), have filed no response to the motion.

      Pursuant to the Rules of Practice of this Court, this matter was referred on August 9, 2013, to Magistrate Judge Bernardo P. Velasco for a Report and Recommendation. (Doc. 7.)

      For the reasons stated below, the Magistrate Judge recommends that the District Court grant Plaintiff's motion for summary judgment.

---

[1] All exhibits cited in this Report and Recommendation refer to the exhibits attached to the Sampson Declaration (Doc. 33.)

## I. Factual and Procedural Background

On August 1, 2013, the United States filed the Complaint to Reduce Federal Tax Assessments to Judgment and to Foreclose Federal Tax Liens. (Doc. 1.) The Complaint seeks to reduce to a judgment alleged outstanding federal income tax, penalties and other statutory additions owed by Defendant Perrow for the tax years 1995 and 2000 through 2006 (the "years at issue"). Additionally, the Government seeks to foreclose federal tax liens on real property owned by Perrow and located at 14120 N. Skyhawk Drive, Tucson, Arizona ("the Subject Property"). *Id.*

On September 19, 2013, the Clerk of Court entered default as to Defendants TCA and BBTC. (Doc. 12.) On April 17, 2014, pursuant to stipulation, the Court entered an order granting the United States' federal tax liens for the years at issue priority over Defendant Arizona Department of Revenue's ("AZDOR") state tax liens against Perrow as set forth in that order and relieving AZDOR from the necessity of appearing at hearings and treating AZDOR as a non-party for purposes of discovery. (Doc. 16.)

On April 17, 2014, pursuant to stipulation, the Court lifted the default entered against Defendant TCA, and granted priority to TCA's Deed of Trust over the United States' federal tax liens for the years at issue order and relieved TCA from the necessity of appearing at hearings and treating TCA as a non-party for purposes of discovery. (Doc. 27.)

On June 3, 2014, the Court entered an order granting the United States' motion to compel disclosure and respond to requests for discovery from Perrow, and an order to show cause why Perrow should not be responsible for expenses incurred in filing the motion to compel. (Doc. 29). On June 30, 2014, the Court entered an order that Perrow show cause, in writing, no later than July 11, 2014, why sanctions should not be imposed, including default judgment and attorneys' fees, for her for failure to comply with the Court's order granting Plaintiff's motion to compel disclosures and requests for production. Perrow failed to respond to the Court's show cause orders[2], and, as a result,

---

[2] The United States informs the Court that although Perrow did not respond to this

the Court struck Perrow's Answer (Doc 8) and Affirmative Defenses (Doc 18) from the docket. (Doc. 32.)

In the tax years at issue in this action, Perrow has owned, by herself or through a legal entity, between eighteen to twenty different properties in Tucson, Arizona, consisting of residential properties as well as the Boondocks Lounge, the Monte V. Lounge, and the Pack-Em Inn steakhouse, and a vending machine company called T's Piggy Banks. PSOF ¶ 2-5. During the tax years in issue, Perrow received rental income from several of these properties in the Tucson area owned by her or through several legal entities, including Boondocks, LLC, Catalina Development, LLC, and Mesquite Hill Development, LLC, and profited from the sale of many of her properties during this time. PSOF ¶ 2-4. Additionally, Perrow derives income from T's Piggy Banks, Inc. PSOF ¶ 5.

Perrow's 1995 federal income tax return understated her income, and an examination revealed unreported income resulting in additional tax liability as well as a fraud penalty and statutory interest. PSOF ¶ 6. On October 15, 2003, Perrow signed the Form 4549, Income Tax Examination Changes consenting to the additional taxes assessed. Ex. 8 at 4.

Perrow failed to file 2000 through 2005 federal income tax returns. PSOF ¶ 9. Although Perrow was incarcerated during 2007, her accountant, Steven A. Philips, CPA, had a power of attorney for her, and met with IRS employees during the examination of Perrow's 2000 through 2005 tax years, and, on May 3, 2007, CPA Phillips signed the Forms 4549, Income Tax Examination Changes, on Perrow's behalf. PSOF ¶ 10.

Defendant filed and reported a small amount of tax for 2006, which was accepted and assessed by the IRS, as well as a late filing penalty, a failure to pay penalty, and statutory interest. PSOF ¶ 13.

On April 11, 2005, the IRS recorded a Notice of Federal Tax Lien with the Pima County, Arizona Recorder, indicating that Perrow owed, among other things, federal

---

Court's order to show cause, she did serve on counsel for the United States handwritten responses to the United States' Request for Admissions and Requests for Interrogatories, received on July 14, 2014, but has not responded to the United States' request for production of documents. (MSJ at 4, n.1)

income taxes for 1995. PSOF ¶14. On August 15, 2007, the IRS recorded a Notice of Federal Tax Lien with the Pima County, Arizona Recorder, indicating that Perrow owed federal income taxes for the years 2000 through 2005. *Id.* On October 8, 2008, the IRS recorded a Notice of Federal Tax Lien with the Pima County, Arizona Recorder, indicating that Perrow owed federal income taxes for 2006. *Id.* The IRS sent Perrow notices and demands for payment of the assessed taxes on May 11, 2005 (tax year 1995), July 27, 2007 (tax year 2000 through 2005), and September 18, 2008 (tax year 2006). *Id.*

In 2009 Perrow made a claim for abatement of taxes for tax years 2000 through 2005, which was allowed in part, and reduced Perrow's previously assessed tax.

## II. Discussion

The United States now moves for summary judgment on its claim to reduce to judgment Perrow's federal income taxes for the tax years at issue. The United States also moves for summary judgment on its claim to foreclose its federal tax liens against the Subject Property.

### A. Summary Judgment Standard

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is also appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party who must demonstrate the existence of a factual dispute and that the fact in contention is material, *i.e.*, a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that the

dispute is genuine, *i.e.*, the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* at 250; *see Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Rule 56(c) provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." An issue of fact must be genuine. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The opposing party need not establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968). If the factual context makes the non-movant's claim implausible, that party must come forward with more persuasive evidence to support its claim than would otherwise be necessary. *Matsushita*, 475 U.S. at 587. The mere existence of a scintilla of evidence supporting the non-movant's position will be insufficient; there must be evidence from which a fair-minded jury could reasonably find for the non-movant. *Anderson*, 477 U.S. at 252.

  B.  Rules Governing *Pro se* Litigation

*Pro se* litigants "must be ensured meaningful access to the courts." *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998)(en banc). This Court is cognizant of the special latitude given to *pro se* litigants. *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). The Ninth Circuit, however, has made clear that a *pro se* litigant must "abide by the rules of the court in which he litigates." *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (quoting *Carter v. Comm'r*, 784 F.2d 1006, 1008 (9th Cir. 1986); *see King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (*pro se* litigants "must follow the same rules of procedure that govern other litigants"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."). *See also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

C. <u>First Claim for Relief: To Reduce to Judgment Federal Tax Assessments Against Therese A. Perrow</u>

In an action brought to collect federal taxes, the Government bears the initial burden of proof. *Palmer v. Internal Revenue Service*, 116 F.3d 1309, 1312 (9th Cir. 1997). In support of its motion for summary judgment the United States has submitted Certificates of Assessments and Payments for the tax years and tax periods at issue, known as Form 4340's, reflecting Perrow's federal income tax, penalties, and interest for each of the tax years at issue. *See* Ex. 2, at 1-8[3] (tax year 1995); 9-14 (tax year 2000); 14-20 (tax year 2001); 21-26 (tax year 2002); 27- 32 (tax year 2003); 33-39 (tax year 2004); 40-45 (tax year 2005); 46-49 (tax year 2006). Generated under seal and signed by an authorized delegate of the Secretary of the Treasury, Forms 4340 are admissible into evidence as self-authenticating official records of the United States, carrying a presumption of correctness. *See Hughes v. United States*, 953 F.2d 531, 540 (9th Cir. 1992); Fed. R. Evid. 803(8) and 902(1). *See e.g., Rossi v. United States*, 755 F. Supp. 314, 318 (D. Or. 1990). The Ninth Circuit has held "that official documents – such as IRS forms – are probative evidence in and of themselves and, in the absence of contrary evidence, are sufficient to establish that notices and assessments were properly made." *Hughes*, 953 F.2d at 540. *See United States v. Zolla*, 724 F.2d 808, 810 (9th Cir. 1984). This holding applies to Form 4340. *See Koff v. United States*, 3 F.3d 1297, 1298 (9th Cir. 1992) (affirming summary judgment in favor of the United States on basis of Form 4340 where plaintiffs in quiet title action presented no evidence challenging the assessments offered in support of tax liens levied against them). The Certificates establish that the tax liabilities were properly assessed against Perrow (26 U.S.C. §§ 6201-6203), *see* Ex. 2 (Form 4340s), and that the notices and demand for payment of the liabilities were properly sent (26 U.S.C. §§ 6303(a) and 6321), *see* Ex. 2, at 6-7, 13, 19, 25, 31, 37-38, 44, 48 ("Statutory Notice of Balance Due") and Exs. 15-17. *See United States v. Chila*,

---

[3] Because the Form 3430's in Exhibit 2 are not sequentially numbered, the page numbers provided in this Order refer to the page numbers assigned to the document by the Court's electronic filing system (CM/ECF).

- 6 -

871 F.2d 1015, 1017-1019 11th Cir. 1989 (summary judgment proper where Certificate of Assessment indicated notice had been sent, and although taxpayer denied he received notice, he failed to affirmatively show it had not been sent); *see also Hughes*, 953 F.2d at 536 (final notices (notices of intention to levy), satisfy the requirements of 26 U.S.C. § 6303(a) by informing taxpayer of the amount owed and by requesting payment).

Because the United States has demonstrated that it is entitled to a presumption that Perrow owes the taxes assessed against her, the burden shifts to Perrow to overcome this presumption by countervailing proof. *See Palmer*, 116 F.3d at 1312 (stating that deficiency determinations and assessments are presumed correct if supported by a minimal factual foundation and that the burden shifts to the taxpayer to show they are incorrect); *c.f.*, *Hardy v. Comm'r of Internal Revenue*, 181 F.3d 1002, 1004–1005 (9th Cir. 1999) (same for notices of deficiencies). The taxpayer must come forward with admissible evidence to show that the IRS' determinations and assessments of their liabilities are somehow incorrect. *Rapp v. Commissioner*, 774 F.2d 932, 935 (9th Cir. 1985). Perrow has presented no evidence whatsoever regarding the assessments made against her. Accordingly, the Magistrate Judge recommends that the District Court grant the United States' motion for summary judgment as to the first claim in the Complaint and grant judgment in favor of the United States, entitling the United States to judgment reducing the federal tax assessments against Perrow for the tax years 1995, and 2000 through 2006, as reflected in the Forms 4340 against Defendant Perrow in the amount of $596,795.16 (see Complaint, ¶ 18), less any additional credits according to proof, plus interest and other statutory additions as provided by law from April 8, 2013.

D. <u>Second Claim for Relief: To Foreclose Federal Tax Liens Against the Subject Property and to Obtain an Order for Judicial Sale</u>

In its motion for summary judgment the United States also seeks to foreclose its federal tax liens on the Subject Property. Section 6321 of the Internal Revenue Code provides that "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a

1 lien in favor of the United States upon all property and rights to property, whether real or
2 personal, belonging to such person." 26 U.S.C. § 6321. Under this statute, a federal tax
3 lien arises upon assessment. *Nesovic v. United States*, 71 F.3d 776, 778 (9th Cir. 1995). In
4 this case, the statutory tax liens arose as of the date of assessment, and attached to all
5 property and rights to property of Perrow, including the Subject Property. Liens against
6 real property are perfected when notice is filed with "one office within the State (or the
7 county, or other governmental subdivision), as designated by the laws of such State, in
8 which the property subject to the lien is situated." 26 U.S.C. § 6323. The IRS perfected
9 the liens at issue when it filed notices of Federal Tax Liens in the Pima County
10 Recorder's Office in Arizona for Perrow's outstanding federal income tax liabilities for
11 the years 1995 (Ex. 12); 2000 through 2005 (Ex. 13); and 2006 (Ex. 14).

Section 7403 of the Internal Revenue Code authorizes the Government to file an action "to enforce the lien of the United States . . . with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability." 26 U.S.C. § 7403(a). The Additionally, where such a lien is established, the statute authorizes a district court to "decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States." *Id.* at (c). This language "affords district courts limited discretion in determining whether to order the sale of property to satisfy delinquent tax liabilities." *United States v. Gibson*, 817 F.2d 1406, 1407 (9th Cir. 1987) (citing *United States v. Rodgers*, 461 U.S. 677, 680 (1983)). "District courts may exercise this limited discretion in individual cases to take into account both the government's interest in prompt and certain collection of delinquent taxes and the possibility that innocent third parties will be unduly harmed by that effort." *Id.* Perrow has presented no evidence that any third party would be unduly harmed by the Plaintiff's foreclosure on the Subject Property. The Supreme Court has stated that there are "virtually no circumstances ... in which it would be permissible to refuse to authorize a sale simply to protect the interests of the delinquent taxpayer himself or herself." *Rodgers*, 461 U.S. at

- 8 -

709–10. The Government has provided undisputed evidence that valid assessments have been made, that Perrow has received proper notice, and that she has not paid the applicable liabilities and penalties. Accordingly, the Government is entitled to foreclose its valid federal tax liens on the real property at issue as a matter of law.

In compliance with subsection (b) of section 7403, the United States has named as Defendants to this action the State of Arizona Department of Revenue, Branch Banking and Trust Company, and Trust Company of America. The United States has entered into agreement with both the AZDOR and TCA as to lien priority, as reflected in this Court's orders dated September 19, 2013 (Doc. 16) and April 17, 2014 (Doc. 27). Defendant BBTC has not served a responsive pleading in this matter, and, on September 10, 2013, the Clerk of Court entered a default against BBTC. (Doc. 12.) Accordingly, the United States' request to grant default judgment against Defendant Branch Banking and Trust Company (MSJ, at 9, n.3) is well taken.

### III. Recommendation

For the reasons stated above, the Magistrate Judge RECOMMENDS that:

(1) The United States Motion for Summary Judgment (Doc. 33) be GRANTED as to Counts One and Two of the Complaint.

(2) A judgment against Perrow be entered for her outstanding federal income tax liabilities for the years 1995, and 2000 through 2006, less any additional credits according to proof, plus interest and other statutory additions as provided by 28 U.S.C. § 1961(c) and 26 U.S.C. § 6621 from April 8, 2013.

(3) The United States is entitled to foreclose its valid federal tax liens on the Subject Property, commonly known as 14120 N. Skyhawk Drive, Tucson, Arizona 85755.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Fed.R.Civ.P. 72(b). No reply to any response shall be filed. See id. If

1    objections are not timely filed, then the parties' rights to de novo review by the District
2    Court may be deemed waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121
3    (9th Cir. 2003) (en banc).
4        If objections are filed the parties should use the following case number: CV 13-
5    0769-TUC-DCB.
6        Dated this 17th day of December, 2014.

*[signature]*
Bernardo P. Velasco
United States Magistrate Judge